E. G. PERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

V. K. PERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9023, 9022. Promulgated December 22, 1927.

*George S. Atkinson, Esq.*, for the petitioners.
*George G. Witter, Esq.*, for the respondent.

OPINION.

PHILLIPS: The question involved in the present proceeding is whether a certain dividend of the Lone Star Motor Co., declared on June 30, 1919, from the surplus and profits of the corporation on that date, is subject to both the normal and surtax, or is subject only to surtax.

The pertinent provisions of the Revenue Act of 1918 are as follows:

SEC. 201. (a) That the term "dividend" when used in this title * * * means (1) any distribution made by a corporation, other than a personal service corporation, to its shareholders or members, whether in cash or in other property or in stock of the corporation, out of its earnings or profits accumulated since February 28, 1913, or (2) any such distribution made by a personal service corporation out of its earnings or profits accumulated since February 28, 1913, and prior to January 1, 1918.

(b) Any distribution shall be deemed to have been made from earnings or profits unless all earnings and profits have first been distributed. Any distribution made in the year 1918 or any year thereafter shall be deemed to have been made from earnings or profits accumulated since February 28, 1913, or, in the case of a personal service corporation, from the most recently accumulated earnings or profits; but any earnings or profits accumulated prior to March 1, 1913, may be distributed in stock dividends or otherwise, exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed.

(c) * * * Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

SEC. 216. That for the purpose of the normal tax only there shall be allowed the following credits:

(a) The amount received as dividends from a corporation which is taxable under this title upon its net income, and amounts received as dividends from a personal service corporation out of earnings or profits upon which income tax has been imposed by Act of Congress.

If the declaration of this dividend stood alone there would seem to be no cause to doubt that it was such a dividend as fell within the provisions of section 216 (a) and was exempt from normal tax. It

appears, however, that on the following day the stockholders executed a consent to the dissolution of the corporation and four of the five stockholders formed a partnership to continue the business, taking over the corporate assets. Because of this action the Commissioner took the position that the dividend of June 30, 1919, was " in liquidation of a corporation " within the meaning of section 201 (c) and not exempt from normal tax under section 216 (a). See *Langstaff* v. *Lucas*, 13 Fed. (2d) 1022; 5 Am. Fed. Tax Rep. 6125; *Appeal of John K. Greenwood*, 1 B. T. A. 291; *Renfro* v. *Commissioner*, 8 B. T. A. 1295. But see *Hellmich* v. *Hellman*, 18 Fed. (2d) 239; 6 Am. Fed. Tax Rep. 6633, now pending before the Supreme Court on certiorari, which is in conflict with the decisions cited above and on which the petitioners rely should it be determined that the dividends were in fact in liquidation of the corporation.

At the time the dividends were declared the corporation was not in dissolution and there was no retirement of the capital stock in whole or in part, nor was there any impairment of the capital of the corporation. The dividends were declared wholly from surplus and earnings. Even if it be conceded, as the respondent apparently contends, that the declaration of the dividend was in anticipation of the dissolution of the corporation and a step taken preliminary thereto, it is our opinion that the dividend would not fall within section 201 (c) as made " in the liquidation of a corporation."

A dividend in liquidation of a corporation implies that there has been either an impairment of its capital by a distribution thereof to its stockholders or a retirement of the capital stock in whole or in part. It will be noted that section 201(c) provides that liquidating dividends " shall be treated as payments in exchange for stock or shares." While by no means conclusive, the language is indicative of an intention to confine the use of the term to those distributions which affect the stock or shares of the corporation. The dividend here in question distributed profits only without in any way affecting the capital of the corporation. The corporation might or might not liquidate later, but in either event the dividend would remain as an indebtedness to the stockholders. We are of the opinion that whether or not there was an intention on June 30, 1919, to later dissolve the corporation, no liquidation took place on that day and that the character of the dividend then declared would not be changed by subsequently carrying out any intention to dissolve which might then have existed.

Reviewed by the Board.

*Decision will be entered on 15 days' notice, under Rule 50.*